UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNITHA BARNES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLANNED PARENTHOOD OF )<br>INDIANA AND KENTUCKY, d/b/a )<br>PLANNED PARENTHOOD OF )<br>NORTHERN INDIANA )<br>)<br>Defendant. ) | CAUSE NO: |

**COMPLAINT**

Comes now the Plaintiff Kennitha Barnes, by counsel, and alleges against Defendant as follows:

1. The Plaintiff is Kennitha Barnes, who is a resident of Gary Indiana, and was a qualified black/ African-American employee of the Defendant's at all material times to this Complaint.

2. The Defendant is Planned Parenthood of Indiana and Kentucky ("PPINK") d/b/a Planned Parenthood of Northern Indiana, a company doing business at 3701 North Meridian Street, Suite 100, Indianapolis, IN 46208, as well as at 8645 Connecticut Street, Merrillville, Indiana 46410. At all material times to this Complaint, the Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

3. The Plaintiff filed a Charge of Discrimination with the Gary Human Relations Commission on February 3, 2020 (FEPA #0020-045/ EEOC # 24E-2020-00045), a copy of which is attached hereto, made a part hereof and incorporated herein as Exhibit A. The EEOC

issued a Dismissal and Notice of Rights/ Notice of Suit Rights on March 18, 2020, a copy of which is attached hereto and made a part hereof as Exhibit B. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff began her employment and training with the Defendant on about October 7, 2019 and she was wrongfully terminated on or about January 7, 2020. The Plaintiff performed within the reasonable expectations of the Defendant at all material times to this Complaint, and held the position of Nurse Practitioner at the time of separation from employment.

5. Although most of the Plaintiff's training and work occurred at the Defendant's Merrillville Indiana clinic, she also received training and/or worked at a number of the Defendant's other clinics northwest Indiana, including Defendant's clinics in Gary, Elkhart, Hammond, Michigan City, and Mishawaka Indiana.

6. As part of the terms, conditions and/or benefits of her employment, the Plaintiff was promised mileage reimbursement for one roundtrip per week for trips to either the Defendant's Michigan City or Elkhart clinic. She was also promised reimbursement for the costs of her licensing as a nurse practitioner, something similarly situated non-black / non-African American employees normally were provided.

7. During the Plaintiff's employment, the Defendant failed to provide her most of the promised reimbursement for applicable work-related mileage she incurred, and Defendant did not reimburse her for her licensing.

8. The Defendant also treated the Plaintiff more harshly and less favorably than similarly situated nurse practitioners outside of the Plaintiff's race in other ways, creating a hostile and harassing work environment. The Defendant, for example, discouraged the Plaintiff from asking

2

work related questions of her superiors, and provided the Plaintiff only very limited and insufficient hands-on training for her duties. In contrast, similarly situated employees outside of the Plaintiff's color/ race, were encouraged to ask their supervisors and trainers when they had job related questions, and they were also provided more hands-on training.

9. In addition, on December 19, 2019, the Merrillville clinic manager confronted the Plaintiff with the false allegation that the Plaintiff and two other African American nurse practitioners were "promoting a negative environment" by talking to each other about job related nurse practitioner issues. During the conversation, this manager also told the Plaintiff "there's just too many of *y'all* here", meaning too many black /African American employees, which the Plaintiff reasonably understood to be an offensive and racially derogatory comment. The Plaintiff furthermore had seen similarly situated non-black/non-African – American employees having similar discussion with one another, but management did not chastise them for it.

10. The Plaintiff later texted her lead clinician to discuss her concerns about the allegation and offensive comment, but did not hear back from her lead clinician that day. She met with the lead clinician for a conference the following day, December 20, 2019. The two other African American nurse practitioners also participated with the Plaintiff, but participated by phone. During their discussions, the Plaintiff told the lead clinician she thought she and the other two African American nurse practitioners were being unfairly singled out and "picked on" because they were "three strong *African American* women".

11. Following the conference, the lead clinician's attitude and behavior towards the Plaintiff became significantly more negative. She stopped engaging in casual chit-chat with the Plaintiff, and was short and abrupt when speaking with the Plaintiff.

3

12. On January 7, 2020 after the Plaintiff left work for the day, she was contacted by her lead clinician, and informed she was terminated. No reason was given.

13. The Plaintiff later contacted the Defendant's Human Resources representative, who claimed the Plaintiff was terminated due to performance, behavior, and alleged failure to meet training requirements. This was in spite of the fact that prior to the termination, the Plaintiff had received no write ups or disciplinary actions.

14. The Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality the Defendant discriminated against, and/or unlawfully retaliated against her on the basis of her color / race (black/ African- American), in violation of the Plaintiff's federally protected rights under Title VII and § 1981. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related benefits including income, and promised financial reimbursement, and furthermore subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

15. The Defendant's unlawful discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under Title VII and § 1981, justifying an imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other

just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I hereby verify under penalty of perjury that I have read and reviewed the Complaint, and that it is true and correct to the best of my knowledge and/or belief.

Date: 6/12/2020          Signature: *Kennitha Barnes*
                                    PLAINTIFF,
                                    Kennitha Barnes


Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

*Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:  (260) 424-0712
E-mail:     cmyers@myers-law.com
*Attorney for Plaintiff*